UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:09-CR-46 |
| V. | ) | |
| | ) | (PHILLIPS/GUYTON) |
| JAMES CONEY, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 29, 2009, for a scheduled pretrial conference and motion hearing on the defendant's Motion to Continue [Doc. 12], filed on June 24, 2009. Assistant United States Attorney Kelly Ann Norris appeared on behalf of the government. Attorney Kim A. Tollison and CJA Training Attorney Joshua S. Reed represented the defendant, who was also present.

In his motion, the defendant asks the Court to continue the July 8, 2009 trial date, because defense counsel needs additional time to prepare the matter for trial. At the hearing, Attorney Tollison asserted that the parties were engaged in plea negotiations and that he also needed time to complete his investigation of the case and to consult with the defendant about his options. He stated that the defendant was aware he would remain in custody pending his new trial date and was waiving all speedy trial rights. The government did not object to a continuance and noted that

1

AUSA Norris had a conflict with the current trial date.

The Court finds the defendant's motion for a continuance to be well taken and that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Defense counsel seeks additional time to investigate the case and to meet with the defendant to discuss the possibility of a plea agreement as well as trial preparation. If the defendant ultimately decides to proceed to trial, defense counsel needs time to prepare the case for trial. This could not take place before the July 8, 2009 trial date. The Court finds that the failure to grant a continuance would deprive defense counsel of the reasonable time necessary to prepare effectively for a trial despite his due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the defendant's Motion to Continue [**Doc. 12**] is **GRANTED**, and the trial of this matter is reset for **October 5, 2009**. The Court finds, and the parties agree, that all the time between the **June 29, 2009** hearing date and the new trial date of **October 5, 2009**, is fully excludable time under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(A)-(B). Regarding further scheduling, the parties shall appear before the undersigned for a final pretrial conference on **September 25, 2009, at 11:00 a.m.**

Accordingly, it is **ORDERED**:

> (1) The defendant's Motion to Continue [**Doc. 12**] is **GRANTED**;
>
> (2) The trial of this matter is reset to commence on **October 5, 2009**, at 9:00 a.m., before the Honorable Thomas W. Phillips, United States District Court Judge;

(3) All time between the **June 29, 2009** hearing and the new trial date of **October 5, 2009**, is fully excludable time for speedy trial purposes as set forth above; and

(4) The parties are to appear for a final pretrial conference on **September 25, 2009, at 11:00 a.m.** The plea negotiation cut-off deadline is this same date.

**IT IS SO ORDERED.**

ENTER:

<u>     s/ H. Bruce Guyton     </u>
United States Magistrate Judge

3